IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED )<br>TRADES INDUSTRY PENSION FUND )<br>GARY J. MEYERS, in his official capacity as )<br>a fiduciary, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>CHAS. MILLER CO. )<br>a/k/a Charles Miller Company )<br>a/k/a Charles Miller Co. )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>1:08-cv-651 (JR) |

FILED

JUL 1 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER AND JUDGMENT BY DEFAULT AGAINST DEFENDANT, CHAS. MILLER CO. a/k/a CHARLES MILLER COMPANY a/k/a CHARLES MILLER CO.

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiffs, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") and Gary J. Meyers ("Meyers" and together with the Fund, "Plaintiffs"), it appears to the Court that Defendant, Chas. Miller Co. a/k/a Charles Miller Company a/k/a Charles Miller Co. ("Company") was served with process on May 8, 2008 and has inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Defendant having been entered, it is **ORDERED**:

1. Plaintiffs' Motion is **GRANTED**.

2. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and ERISA, as amended, 29 U.S.C. § 1132(g)(2), final judgment shall be and hereby is entered for Plaintiffs and against Defendant, in the amount of $12,283.73 which includes the following:

   a. Unpaid contributions the period of October 2007 through the April 2008 in the

197322-1

       amount of $7,195.05 under 29 U.S.C. § 1132(g)(2)(A).

   b. Late charges for May 2007 to August 2007 in the amount of $82.77;

   c. Interest from the date contributions became due through June 30, 2008 in the amount of $208.10 as provided under 29 U.S.C. § 1132(g)(2)(B).

   d. Liquidated damages in the amount of $1,439.01 as provided under 29 U.S.C. § 1132(g)(2)(C).

   e. Attorneys' fees and costs in the amount of $3,358.80 incurred by Plaintiff through July 11, 2008 as provided in 29 U.S.C. § 1132(g)(2)(D).

3. Defendant, its owners, officers, agents, servants, attorneys and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which Defendant are obligated to do so under their collective bargaining agreement(s).

4. Defendant shall fully and accurately, within twenty (20) days from the entry of this Order, submit to the Plaintiffs any and all outstanding remittance reports, together with a check for the full amount of the contributions and dues owed, including interest, liquidated damages, late fees and attorneys fees and costs. Company, its owners, officers, agents, servant, attorneys, and all persons acting on its behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying benefit contributions for all periods for which Company is obligated to do so under the collective bargaining agreement(s).

5. Within twenty (20) days from the date of this Order, Company shall submit to an audit and make available to the designated representative of the Plaintiffs all payroll books and

related records necessary for Plaintiffs to ascertain the precise amount of any delinquent contributions due and owing to Plaintiffs for all periods in which Defendant is obligated to make fringe benefit contributions to the Plaintiffs. Defendant shall bear the costs of the audit. Defendant, its owners, officers, agents, servants, employees and all persons acting on Company's behalf or in conjunction with Defendant, shall be and are hereby restrained and enjoined from failing and refusing to submit to this audit and any future audits and shall produce all books and records requested by the auditor and/or the Trustees of the Fund, including, but not limited to, payroll, wage, general ledger and cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Fund. Defendant shall pay to the Fund the cost of the audit together with any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements, ERISA and applicable law.

6. If further action by Plaintiffs is required to enforce this judgment, Plaintiffs may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out above. See Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. App'x. 972, 975-76 (3d Cir. 2003); Free v. Briody, 793 F.2d 807, 808-09 (7th Cir. 1986) ("[T]he entry of judgment is not the end of the litigation . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal"); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 876 F.2d 852, 854 (10th Cir. 1989) (reversing the district court's denial of reasonable attorneys fees incurred during post-judgment collection efforts).

7. If additional delinquencies are discovered pursuant to the submission of the

197322-1

remittance reports or to the audit referred to above, or as a result of additional information that becomes available to the Plaintiffs, the Plaintiffs may apply to the Court for an additional or supplemental judgment reflecting any additional delinquencies, interest, liquidated damages, attorneys' fees and costs, pursuant to ERISA, 29 U.S.C. § 1132(g)(2) together with any audit costs incurred by the Plaintiffs.

8. If Company fails to comply with any of the terms of this Order, Plaintiffs may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Company, and may at that time ask for further appropriate monetary and/or injunctive relief.

DATE: 7/16/08

By the Court

_____
James Robertson
United States District Judge

197322-1